**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| APRIL L., Plaintiff, v. | : | CIVIL ACTION |
| FRANK BISIGNANO, Commissioner of Social Security, Defendant | : | NO. 25-6641 |

**MEMORANDUM**

CAROL SANDRA MOORE WELLS
UNITED STATES MAGISTRATE JUDGE October 30, 2026

April L., ("Plaintiff") seeks judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner of the Social Security Administration ("the Commissioner"), denying her claim for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. Plaintiff has filed a brief in support of her request for review, the Commissioner has responded, and Plaintiff has filed a reply. For the reasons set forth below, Plaintiff's request for review is denied.

## I. PROCEDURAL HISTORY[1]

On March 28, 2023, Plaintiff applied for SSI, alleging that her disability commenced on May 1, 2013. R. 17. The claim was denied initially and upon reconsideration; therefore, Plaintiff requested a hearing. *Id.* On December 3, 2024, Plaintiff, represented by counsel, and vocational expert, Robert Edwards ("the VE"), testified telephonically before Administrative Law Judge Robert Ryan ("the ALJ"). *Id.* On December 23, 2024, the ALJ, using the sequential evaluation

[1] The court has reviewed and considered the following documents in analyzing this case: Plaintiff's Brief and Statement of Issues in Support of Request for Review ("Pl. Br."), Defendant's Response to Request for Review of Plaintiff ("Resp."), Plaintiff's Reply ("Reply"), and the administrative record. ("R.").

process ("SEP") for disability,[2] issued an unfavorable decision. R. 17-28. The Social Security Administration's Appeals Council denied Plaintiff's request for review, on September 23, 2025, making the ALJ's findings the final determination of the Commissioner. R. 1-3. Plaintiff presently seeks judicial review; the parties have consented to this court's jurisdiction, pursuant to 28 U.S.C. § 636(c)(1).

## II. FACTUAL BACKGROUND

### A. Personal History

Plaintiff, born on April 18, 1982, was 31 years old on her alleged disability onset date and 42 at the time of the administrative hearing. R. 38. She has a ninth or tenth grade education. R. 38. Although she maintains a valid driver's license, Plaintiff does not drive. R. 38-39.

### B. Plaintiff's Testimony

Plaintiff cannot work because of leg pain and heart issues. R. 39. She experiences constant leg pain when walking, sitting, or standing. R. 39. When she sits or stands for extended periods, her legs become weak, begin to ache, and feel numb. R. 39. Plaintiff can walk one block before

---

[2] The Social Security Regulations provide the following five-step sequential evaluation for determining whether an adult claimant is disabled:

> 1. If the claimant is working, doing substantial gainful activity, a finding of not disabled is directed. Otherwise proceed to Step 2. *See* 20 C.F.R. § 416.920(b).
>
> 2. If the claimant is found not to have a severe impairment which significantly limits his physical or mental ability to do basic work activity, a finding of not disabled is directed. Otherwise proceed to Step 3. *See* 20 C.F.R. § 416.920(c).
>
> 3. If the claimant's impairment meets or equals criteria for a listed impairment or impairments in Appendix 1 of Subpart P of Part 404 of 20 C.F.R., a finding of disabled is directed. Otherwise proceed to Step 4. *See* 20 C.F.R. § 416.920(d).
>
> 4. If the claimant retains the residual functional capacity to perform past relevant work, a finding of not disabled is directed. Otherwise proceed to Step 5. *See* 20 C.F.R. § 416.920(f).
>
> 5. The Commissioner will determine whether, given the claimant's residual functional capacity, age, education, and past work experience in conjunction with criteria listed in Appendix 2, he is or is not disabled. *See* 20 C.F.R. § 416.920(g).

needing to sit for relief; she uses a cane for balance. R. 39-40. Her legs also ache when she walks up or down stairs, although descending is easier. R. 40. Plaintiff is most comfortable lying in bed but eventually becomes uncomfortable and must lean over and adjust her body. R. 41. Plaintiff sometimes wears an adult diaper when she is downstairs because she fears that she will not be able to reach the bathroom, which is upstairs, in time. R. 40. She frequently experiences chest pain and shortness of breath, and experienced both during the hearing. R. 42. She can lift light objects, such as deodorant and a bottle of lotion, but cannot lift heavy objects because her hands are weak. R. 41-42. Plaintiff also struggles with concentration and focus. R. 43.

Plaintiff is assisted by an aide fifty-six hours per week. R. 43. The aide drives her to doctor's appointments, assists her in rising from a seated position, and helps her navigate stairs. R. 39, 42. Plaintiff's aide also assists with bathing and grooming, and performs household chores, including washing dishes, doing laundry, preparing meals, and cleaning the home. R. 39, 40, 42.

C. Vocational Testimony

Plaintiff has no past relevant work, because she did not work during the five years preceding the hearing. R. 39. The ALJ asked the VE to consider a hypothetical individual of Plaintiff's age and education, who is limited to sedentary,[3] unskilled[4] work, with the following limitations: requires a cane for ambulation; can carry small objects in free hand; has the ability to understand, remember, and carry out simple instructions; can tolerate few workplace changes; and is not dependent on public interaction. R. 44. The ALJ testified that such an individual can perform the following three jobs: (1) electronics inspector, 39,000 positions in the national economy; (2) button reclaimer/examiner, 13,000 positions in the national economy; and (3) table

[3] "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools." 20 C.F.R. § 416.967(a).
[4] "Unskilled work is work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time." 20 C.F.R. § 416.968(a).

worker, 11,000 positions in the national economy. R. 44. The VE testified that the hypothetical individual could still perform these three jobs if they required a cane for balance or would be off task for up to 10% of the workday. R. 44-45. However, the individual would not be employable if limited to sitting for four hours, standing for one hour, and walking for one hour. R. 45. The VE testified that a sedentary job could require up to two hours of standing or walking. R. 45.

The VE testified that, although he could not provide the exact sources he relied upon for the electronics inspector job, he generally relied on Occupational Employment Statistics ("OES") from the Bureau of Labor Statistics, O*NET by the Department of Labor, Job Browser Pro, SkillTRAN, the Occupational Outlook Handbook, his extensive experience placing injured and disabled workers in jobs, and market surveys, for his testimony. R. 45. The VE also reduced the available job numbers to ensure that he provided only full-time opportunities. R. 46. The VE further testified that his testimony was consistent with the Dictionary of Occupational Titles ("DOT") and Selected Characteristics of Occupations ("SCO"), except that neither source addressed the use of a cane for ambulation or balance, social limitations, or time off task. R. 47. Accordingly, the VE based his testimony regarding those limitations on his knowledge and experience as a vocational rehabilitation counselor. R. 47.

## III. THE ALJ's FINDINGS

In his decision, the ALJ issued the following findings:

> 1. [Plaintiff] has not engaged in substantial gainful activity since March 28, 2023, the application date (20 CFR 416.971 *et seq*.).
>
> 2. [Plaintiff] has the following severe impairments: cervical spine disc protrusions; coronary artery disease; arterial occlusive disease of the lower extremities; obesity; depressive disorder; and anxiety disorder (20 CFR 416.920(c)).
>
> 3. [Plaintiff] does not have an impairment or combination of

impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

4. After careful consideration of the entire record, the undersigned finds that the [Plaintiff] has the residual functional capacity to perform sedentary work as defined in 20 CFR 416.967(a) except she requires a cane for ambulation but can carry small objects in her free hand. Additionally, she can understand, remember, and carry out simple instructions at a job that has few workplace changes and is not dependent on public interaction.

5. [Plaintiff] has no past relevant work (20 CFR 416.965).

6. [Plaintiff] was born on April 18, 1982, and was 40 *[sic]* years old, which is defined as a younger individual age 18-44, on the date the application was filed (20 CFR 416.963).

7. [Plaintiff] has a limited education (20 CFR 416.964).

8. Transferability of job skills is not an issue because [Plaintiff] does not have past relevant work (20 CFR 416.968).

9. Considering [Plaintiff's] age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform (20 CFR 416.969 and 416.969a).

10. [Plaintiff] has not been under a disability, as defined in the Social Security Act, since March 28, 2023, the date the application was filed (20 CFR 416.920(g)).

R. 19, 22, 27-26.

## IV. DISCUSSION

A. Standard of Review

Judicial review of the Commissioner's final decision is as follows. The Commissioner's findings of fact will not be disturbed, if they are supported by substantial evidence. *Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 91 (3d Cir. 2007); *Schaudeck v. Comm'r of Soc. Sec. Admin.*, 181 F.3d 429, 431 (3d Cir. 1999). Substantial evidence is not "a large or considerable amount of

evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotation omitted). While it is more than a mere scintilla of evidence, *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019), it may amount to less than an evidentiary preponderance. *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001); *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988). Overall, this test is deferential to the ALJ, and the court should affirm the ALJ's findings of fact that are supported by substantial evidence, even when the court, acting *de novo,* might have reached a different conclusion. *Monsour Medical Center v. Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986), *cert. denied*, 482 U.S. 905 (1987). Indeed, the court is not permitted to weigh the record evidence itself. *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005). By contrast, the Commissioner's legal conclusions are subject to *de novo* review. *Poulos*, 474 F.3d at 91; *Schaudeck*, 181 F.3d at 431.

B. <u>Burden of Proof in Disability Proceedings</u>

To be found "disabled" under the Act, Plaintiff must carry the initial burden of demonstrating that she is unable to engage in "any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a). Plaintiff may establish a disability through: (1) medical evidence meeting one or more of the serious impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1; or (2) proof that the impairment is severe enough that Plaintiff cannot engage in any type of "substantial gainful work which exists in the national economy." *Heckler v. Campbell*, 461 U.S. 458, 460 (1983); 42 U.S.C. § 423(d)(2)(A).

Under the first method, Plaintiff is considered *per se* disabled by meeting one of the "listed" impairments. *Heckler*, 461 U.S. at 460. Under the second method, Plaintiff must initially

demonstrate that a medically determinable impairment prevents her from returning to her past employment. *See Brown*, 845 F.2d at 1214. If Plaintiff proves that her impairment results in functional limitations to performing her past relevant work, then the burden of proof shifts to the Commissioner to prove that work does in fact exist in the national economy which Plaintiff can perform given her age, education, work experience and residual functional capacity. *See Hess v. Comm'r Soc. Sec.*, 931 F.3d 198, 201 (3d Cir. 2019); *Poulos,* 474 F.3d at 92.

C. Review of the Administrative Law Judge's Decision

Applying the sequential evaluation process ("SEP"), the ALJ determined that, although Plaintiff has no past relevant work, she can perform jobs that exist in significant numbers in the national economy and, therefore, is not disabled. R. 17-28. Plaintiff disputes this determination, arguing that the ALJ erred at SEP Step Five because he (1) failed to resolve a conflict between the VE's testimony and the DOT, (2) relied on VE testimony without considering whether the button reclaimer and table worker jobs exist in significant numbers in Plaintiff's region, and (3) improperly relied on the VE testimony regarding electronics inspector job numbers. R. 4-10. The Commissioner counters that the ALJ properly reached his non-disability decision. Resp. at 2-6. All of Plaintiff's arguments fail.

1. There is no Apparent Conflict Between the VE's Testimony and the DOT

First, Plaintiff argues that the ALJ failed to resolve a purported conflict between the VE's testimony and the DOT. Specifically, Plaintiff contends that the ALJ ignored a purported conflict between the VE's testimony that Plaintiff's RFC for simple tasks and instructions allows her to perform the electronics inspector job, although the DOT classifies that job as requiring reasoning at level 2, which entails the ability to carry out detailed instructions. Pl. Br. at 6. This argument fails because there is no apparent conflict between the VE's testimony and the DOT and the ALJ's

determination is supported by substantial evidence.

The ALJ issued his decision on December 24, 2024; therefore, SSR 00-4p applies. SR 00-4p requires ALJs to identify any **apparent** conflicts between the VE's testimony and the DOT. Social Security Ruling ("SSR 00-4p"), 2000 WL 1898704, at *2 (S.S.A. Dec. 4, 2000) (emphasis added). If an apparent conflict exists, the ALJ must solicit an explanation that provides a reasonable basis for relying on the VE's testimony rather than the DOT. *Id.* Neither the VE's testimony nor the DOT automatically takes precedence over the other. *Id.*

Neither Plaintiff nor her counsel questioned the VE about the purported inconsistency between an RFC limiting Plaintiff to simple tasks and instructions and the DOT's reasoning level 2 requirement for the electronics inspector job. Nor did the VE address any purported inconsistency. Because the purported inconsistency was not identified during the hearing, the ALJ neither elicited an explanation for it nor explained in his decision how it was resolved. Accordingly, the undersigned must determine whether the ALJ's determination is supported by substantial evidence. *Zirnsak v. Colvin*, 777 F.3d 607, 619 (3d Cir. 2014) (citing *Boone v. Barnhart*, 353 F.3d 203, 209 (3d Cir. 2003)).

Substantial evidence supports the ALJ's determination that Plaintiff's RFC for simple tasks and instructions permits her to perform the electronics inspector job, which requires reasoning level 2. In both precedential and nonprecedential decisions, the Third Circuit Court of Appeals has held that an RFC limiting a claimant to simple tasks and instructions does not present an apparent conflict with work requiring reasoning level 2, and have denied remand on that account. *Zirnsak v. Colvin*, 777 F.3d 607, 618-19 (3d Cir. 2014) (finding that there is no inherent conflict between a job requiring level 2 or level 3 reasoning and an RFC for simple, routine tasks); *Money v. Barnhart*, 91 F. App'x 210 (3d Cir. 2004) (not precedential) (finding no apparent inconsistency

between reasoning level 2 and a residual functional capacity for simple, routine, repetitive tasks). Accordingly, substantial evidence supports the ALJ's decision.[5]

2. The ALJ did not err Regarding the Button Reclaimer and Table Worker Jobs

Next, Plaintiff argues that neither the VE nor the ALJ considered whether the button reclaimer and table worker jobs exist in significant numbers in Plaintiff's region. Pl. Br. at 8. This argument also fails.

Plaintiff has not established that the ALJ was required to solicit testimony regarding the number of jobs available in her region. At the administrative hearing, the VE testified that approximately 13,000 button reclaimer and 11,000 table worker positions exist in the national economy. R. 44. Plaintiff did not challenge these estimates or question the VE about the regional availability of either occupation. Nevertheless, Plaintiff now contends, without citing any supporting authority, that the ALJ was required to solicit testimony regarding whether these jobs exist in significant numbers in her region. Plaintiff's argument misconstrues the applicable standard. As the Commissioner correctly observes, the relevant inquiry is whether jobs exist in significant numbers in the national economy, which includes jobs existing in significant numbers either in the claimant's region or in several other regions of the country. *See* 20 C.F.R. § 404.1566(a). The regulations do not require the ALJ or VE, without prompting, to separately identify the number of jobs available in a claimant's particular region. Rather, VE testimony that 10,000 or 20,000 jobs exist in the national economy may be sufficient to support a finding that work exists in significant numbers. *See Young v. Astrue*, 519 F. App'x 769, 772 (3d Cir. 2013)

[5] Plaintiff relies on *Alvarado*, *Handwerk*, and *Gary T.*, three nonbinding cases that are distinguishable because, in each case, the plaintiff's counsel specifically questioned the VE about whether a limitation to routine or simple tasks and instructions precluded the plaintiff from carrying out detailed instructions. *Alvarado v. Colvin*, 147 F. Supp. 3d 297, 306 (E.D. Pa. 2015); *Handwerk v. Kijakazi*, 692 F. Supp. 3d 458, 470 (M.D. Pa. 2023); *Gary T. v. Bisignano*, No. 25-CV-1294, 2025 WL 2785040, at *17 (E.D. Pa. Sept. 30, 2025). As previously explained, Plaintiff's counsel did not elicit comparable testimony in this case. In the absence of such testimony, *Zirnsak v. Colvin* requires the court to determine whether the ALJ's decision is supported by substantial evidence.

(nonprecedential) (holding the same). Accordingly, the ALJ did not err by relying on the VE's national job-number estimates without soliciting additional testimony regarding regional job availability.

3. <u>The VE's Testimony Adequately Supports the ALJ's Step Five Findings</u>

Lastly, Plaintiff argues that the ALJ erred by relying on the VE's testimony regarding job numbers because the VE could not identify his sources. Pl. Br. at 8. This argument fails.

In his written decision, the ALJ overruled Plaintiff counsel's objection to the VE's testimony. R. 27. In doing so, the ALJ relied on the VE's professional knowledge and experience in vocational rehabilitation and job placement. R. 27. Specifically, the ALJ cited the VE's resume, showing that he holds a Master of Science in Vocational Rehabilitation Counseling, an MBA, and has worked as a vocational rehabilitation counselor since 1989, including several years as a vocational expert for the Social Security Administration. R. 298. The ALJ also noted that the VE identified several sources underlying his job-number estimates, including OES, O*NET, Job Browser Pro, SkillTRAN, and the Occupational Outlook Handbook. R. 45-46. Additionally, the ALJ considered the VE's reported extensive experience placing injured and disabled workers in jobs, his reliance on labor market surveys, and his explanation of the methodology used to estimate the number of full-time jobs. R. 27. Specifically, the VE testified that he reduced the total number of sedentary, unskilled inspector jobs, 250,000, to 39,000 full-time electronics inspector jobs based on his knowledge and experience in the field, and the aforementioned sources. R. 46. The ALJ further relied on the VE's testimony that his opinions were consistent with the DOT. R. 27.

The evidence cited by the ALJ constitutes "more than a mere scintilla" of evidence that "a reasonable mind might accept as adequate to support" his reliance on the VE's job-number estimates. *See Biestek*, 587 U.S. at 105-06 (recognizing that vocational expert testimony may

constitute substantial evidence even without the production of underlying data, considering the VE's credentials, professional qualifications, history of testifying about job availability, reliance on survey data and experience placing individuals with disabilities in jobs, and explanation of the methodology used to arrive at job-number estimates). Accordingly, substantial evidence supports the ALJ's reliance on the VE's job-number estimates, and Plaintiff's argument fails.

An implementing order and order of judgment follow.